```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-20289-Civ-HUCK
                              MAGISTRATE JUDGE P. A. WHITE
JOSEPH REVAN,                 :

         Petitioner,          :

v.                            :     REPORT OF
                                    MAGISTRATE JUDGE
MICHAEL MUKASEY, et al.,      :

         Respondents.         :
_____/
```

Joseph Revan has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his continued detention by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") and seeking his release from custody.

This matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

At the time the petition was filed, on February 4, 2008, Revan was in custody of ICE and detained at the Krome Detention Center. Revan states that he has been in the custody of ICE for the last year. He maintains that there is no significant likelihood of his removal in the reasonably foreseeable future, relying on the United States Supreme Court's ruling in Zadvydas v. Davis, 533 U.S. 678 (2001).[1] Significantly, Revan seeks immediate release from custody

---

[1] In Zadvydas, the Supreme Court found that 8 U.S.C. §1231(a)(6) does not authorize the INS to hold legally admitted, but removable, aliens in custody indefinitely. Rather, Zadvydas held that while a legally admitted alien can be detained during the 90-day "removal period" contemplated by the statute, the alien can be held after that period for only a "reasonable period," which is presumed to be six months, unless the INS can show that there is a "significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 698-701.

and claims that his continued detention is a violation of the statutory authority granted to ICE. Revan further alleges that his detention violates his substantive and procedural due process rights under the Due Process Clause of the United States Constitution. He thus seeks immediate release from ICE custody.

Review of the record, together with the Respondent's recent filing reveals that Revan was released from ICE custody in May 2008. See Cv-DE#18:Order of Supervision signed by D. Bryant, Supervisory detention & Deportation Officer. Revan's release is further confirmed by his current address of record.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980); Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002)(citation omitted); see also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001)(same). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. at 478 (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). In other words, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis, 494 U.S. at 477.

However, a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). The doctrine of mootness derives "directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242.

2

Thus, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. Therefore, if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. In fact, dismissal is required because mootness is jurisdictional.[2]

Revan challenges only his prolonged detention. Because Revan has now been released, the relief he requests, release from ICE custody, is no longer available and cannot be redressed by a favorable judicial decision. In addition, Revan does not allege that collateral consequences exist necessary to satisfy the injury-in-fact requirement of Article III. Moreover, several district courts have determined that where an alien is released from ICE custody pending removal from the United States "his petition for habeas relief under Zadvydas is moot." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006); see also Abdalla v. Ashcroft, 2004 WL 2315089, *2 (W.D.N.Y.2004)("As, however, Petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant Petition no longer presents a case or controversy pursuant to Article III, §2 of the United States

---

[2] Notwithstanding, the Eleventh Circuit recognizes an exception to the mootness doctrine, when the action being challenged by the lawsuit is capable of being repeated and evading review, but the exception is narrow and applies only in exceptional situations. "In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Simply put, "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." Soliman, 296 F.3d at 1242-1243 (internal citations omitted; emphasis in original).

There is simply nothing to suggest that Revan will be placed back into the custody of ICE before ICE obtains a travel document allowing for petitioner's immediate removal from the United States and his return to St. Ketts. Accordingly, the foregoing exception to the mootness doctrine is inapplicable.

3

Constitution."), adopted by Abdalla v. Ashcroft, 2004 WL 2491646 (W.D. N.Y. 2004).

Therefore, this federal petition should be dismissed as moot. See also Sule v. Immigration & Naturalization Serv., 1999 WL 668716 (10th Cir. 1999) (petitioner's deportation to Nigeria rendered moot his §2241 habeas petition challenging both the order of deportation and his INS detention); see also Suarez-Tyida v. United States, 2004 WL 68258 at *4 (10th Cir. 2004) (unpublished) (holding that because alien had been released from indefinite immigration detention, he had "effectively received the relief he has requested," and his petition was moot.).

Since this court can no longer order the federal respondents to release petitioner, as requested in the petition, because Revan has already been released from the custody of ICE, there is "nothing for us to remedy, even if we were disposed to do so.'" Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18 (1998).

It is therefore recommended that this federal petition be dismissed as moot.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed in chambers at Miami, Florida, this 1st day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

4

```
cc:   Joseph Revan, Pro Se
      15 Oak Street
      Crawfordville, FL 32327

      Stephanie I. R. Fidler, AUSA
      U.S. Attorney's Office
      99 N.E. 4th Street
      Miami, FL 33132
```